UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 2:10 CR 28 |
| | ) | |
| MICHAEL THOMAS WILSON | ) | |

## OPINION and ORDER

This matter is before the court on defendant Michael Thomas Wilson's *pro se* motion for compassionate release pursuant to 18 U.S.C. § 3582(c) and Section 603 of the First Step Act. (DE # 65.) For the reasons that follow, the motion will be denied.

**I.    BACKGROUND**

In October 2011, following his guilty plea, Wilson was sentenced to a 210-month term of imprisonment, to be followed by a 20-year term of supervised release, for possession and distribution of child pornography, in violation of 18 U.S.C. § 2252(a)(2), (4). (DE # 51.) Wilson is currently incarcerated at FCI Petersburg Low, in Hopewell, Virginia. Wilson is 36 years old and has a projected release date of February 24, 2025. *Find an inmate*, FEDERAL BUREAU OF PRISONS, https://www.bop.gov/inmateloc/ (last visited Oct. 23, 2020).

On August 20, 2020, Wilson filed a motion for early release from prison pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). (DE # 65.) Wilson claims that the conditions in his particular prison, in combination with his medical conditions – morbid obesity, asthma, hypertension, and a history of seizures – place him at higher risk of serious illness were he to contract COVID-19. (*Id.* at 4.) He argues that this risk constitutes an extraordinary

and compelling reason justifying his early release from prison. (*Id.*)

Pursuant to this court's General Order 2020-11, the undersigned referred Wilson's motion to the Northern District of Indiana Federal Community Defenders (FCD) to determine whether Wilson may be eligible for a reduction in sentence in accordance with Section 603 of the First Step Act. (DE # 69.) After reviewing Wilson's case, the FCD filed a notice of non-representation, stating that they would be unable to assist Wilson. (DE # 71.) The Government opposes Wilson's motion. (DE # 79.) This matter is fully briefed and is ripe for ruling.

## II.     ANALYSIS

### A.     *Motion for Appointment of Counsel*

Wilson has filed a motion for the appointment of counsel. (DE # 66.) As discussed above, this court appointed the FCD's office to review Wilson's case and determine whether Wilson may be eligible for compassionate release. The FCD determined that it would not be able to assist Wilson. The court therefore considers whether Wilson should be appointed alternative counsel.

Under the Criminal Justice Act, "a court must appoint counsel for an indigent criminal defendant when the sixth amendment so requires, *see* § 3006A(a)(1)(H), and may appoint counsel to pursue relief under 28 U.S.C. §§ 2241, 2254, or 2255, *see* § 3006A(a)(2)(B), but neither subparagraph applies to a motion under § 3582. It is not part of a criminal prosecution or a form of collateral attack[.]" *United States v. Foster*, 706 F.3d 887, 888 (7th Cir. 2013). Thus, prisoners who seek early release from prison are not entitled to receive counsel at public expense – though a district court may appoint

2

counsel at its discretion. *See id.* (discussing § 3582(c)(2)); *United States v. Guerrero*, 946 F.3d 983, 985 (7th Cir. 2020) (same).

Wilson's motion for the appointment of counsel will be denied. Wilson's many filings demonstrate that he understands the applicable law, including the manner in which the First Step Act expanded inmates' ability to access the courts with compassionate release claims, the exhaustion issues raised by the statute, and the applicability of the 18 U.S.C. § 3553(a) factors. His filings also indicate that he is able to present his claims. Accordingly, the court declines to exercise its discretion to appoint defendant alternative counsel.

### B. Motion for Compassionate Release

Generally, a court is statutorily prohibited from modifying a term of imprisonment once imposed. *See* 18 U.S.C. § 3582(c). A handful of statutory exceptions exist, however, one of which allows a court to grant a convicted defendant compassionate release if the defendant meets certain requirements. *See* 18 U.S.C. § 3582(c)(1)(A). The court may grant a moving defendant's motion for compassionate release if: (1) the defendant has complied with the statute's administrative exhaustion requirement; (2) "extraordinary and compelling" reasons warrant such a reduction; (3) the court has considered the factors set forth in 18 U.S.C. § 3553(a), as applicable; and (4) the reduction is consistent with the applicable policy statements issued by the Sentencing Commission. 18 U.S.C. § 3582(c)(1)(A).

#### 1. Exhaustion

Section 3582(c)(1)(A) requires a defendant to exhaust all remedies with the

Bureau of Prisons (BOP) before moving for compassionate release. Specifically, a defendant may file a request for compassionate release with a district court "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier[.]" 18 U.S.C. § 3582(c)(1)(A).

The parties agree that Wilson has exhausted his administrative remedies. On June 29, 2020, Wilson applied for compassionate release with the warden of his prison. (DE # 65 at 24.) His request was denied on July 10, 2020. (*Id.* at 32.) Accordingly, Wilson has satisfied § 3582(c)(1)(A)'s exhaustion requirement.

    **2.**    **Extraordinary and Compelling Reasons**

The court is only authorized to grant Wilson's request if there exists "extraordinary and compelling reasons" justifying his early release. Congress did not define "extraordinary and compelling reasons" in § 3582(c)(1)(A), instead delegating this task to the Sentencing Commission. 28 U.S.C. § 994(t). The Sentencing Commission defines this phrase in the commentary to § 1B1.13 of the United States Sentencing Guidelines. There, the Sentencing Commission states that an extraordinary and compelling reason warranting a reduction in a term of imprisonment may exist where, as is relevant here: a defendant suffers from a serious physical or medical condition that "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover;" or there exists some other extraordinary and compelling reason justifying a

4

reduction in the defendant's term of imprisonment.[1] U.S.S.G. § 1B1.13 cmt. n.1.

The spread of COVID-19 has created unprecedented challenges for the country and poses a serious issue for prisons. Due to the infectious nature of the virus, the Centers for Disease Control and Prevention (CDC) and state governments have advised individuals to practice good hygiene, social distancing, and isolation; yet, social distancing can be difficult for individuals living or working in a prison.

Wilson argues that his medical conditions place him at an increased risk of serious illness, were he to contract COVID-19. The CDC reports that having obesity or severe obesity increases a person's risk for severe illness from COVID-19. *People with Certain Medical Conditions*, CENTERS FOR DISEASE CONTROL AND PREVENTION, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited Oct. 15, 2020). The CDC also reports that having moderate-to-severe asthma and hypertension may increase a person's risk of severe illness from COVID-19. *Id.* The parties dispute whether Wilson's asthma can be classified as "moderate-to-severe", though his medical records indicate that he has "mild intermittent asthma." (*See e.g.* DE # 78-2 at 36.) The CDC recommends that people with asthma and hypertension continue to take their medication as prescribed. *Id.* Wilson is currently on medication for his hypertension and has been prescribed an inhaler, to be used as needed. (DE # 78-2 at 1.)

---

[1] The court notes that § 1B1.13 has not been amended to reflect the First Step Act's change to § 3582(c)(1)(A), which now permits a defendant to bring a motion for compassionate release.

While Wilson may be at an increased risk were he to contract COVID-19, the BOP has now effectively controlled the spread of the virus at his prison. FCI Petersburg Low, the facility where Wilson is incarcerated, initially had a large outbreak of COVID-19 at its facility. The BOP reports that 147 inmates and 14 staff members at the facility have recovered from the virus. *COVID-19 Coronavirus*, FEDERAL BUREAU OF PRISONS, https://www.bop.gov/coronavirus/ (last visited Oct. 23, 2020). However, the prison currently has zero inmate and six staff cases of COVID-19 at its facility. *Id.* There have been zero inmate or staff deaths due to the virus. *Id.*

Under the circumstances, Wilson has not established an extraordinary and compelling reason warranting compassionate release. His medical conditions alone do not meet this standard, as there is no indication that his conditions "substantially diminish[] the ability of the defendant to provide self-care within the environment of a correctional facility[.]" U.S.S.G. § 1B1.13 cmt. n.1. Furthermore, his conditions, in light of the COVID-19 pandemic, do not justify compassionate release. While Wilson may be at an increased risk were he to contract COVID-19, his medical records show that his condition is being monitored and treated with prescription drugs, under the supervision of health care professionals at the BOP. (*See* DE # 78-2 at 4, "Charts reviewed, labs reviewed, and patient noted to be stable on current regimen.".) Moreover, it appears that the virus has been effectively controlled at his facility. Accordingly, Wilson has failed to identify an extraordinary and compelling reason for his early release from prison.

Compassionate release is an extraordinary event. *United States v. Pena*, No. 2:15-CR-72-PPS, 2020 WL 3264113, at *1 (N.D. Ind. June 17, 2020). While the court is

6

sympathetic to Wilson's situation and his concern about potentially becoming infected with COVID-19, the circumstances in this case do not amount to an extraordinary and compelling reason to justifying his early release. *See United States v. Raia*, 954 F.3 594, 597 (3d Cir. 2020) ("[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release[.]"); *United States v. Melgarejo*, No. 12-cr-20050, 2020 WL 2395982, at *3 (C.D. Ill. May 12, 2020) ("[T]he mere presence of COVID-19 in a particular prison (or the BOP generally) cannot justify compassionate release - if it could, every inmate in that prison could obtain release."); *United States v. Collins*, No. 14-cr-30038, 2020 WL 2301217, at *2 (C.D. Ill. May 8, 2020) ("[T]he COVID-19 pandemic does not warrant the release of every federal prisoner with health conditions that makes him more susceptible to the disease."). Accordingly, his motion will be denied.

## III.    CONCLUSION

For the foregoing reasons, the court **DENIES** defendant's motion for appointment of counsel (DE # 66) and **DENIES** defendant's motion for compassionate release under 18 U.S.C. § 3582(c) and Section 603 of the First Step Act (DE # 65).

                              **SO ORDERED.**

Date: October 23, 2020

                              s/James T. Moody
                              JUDGE JAMES T. MOODY
                              UNITED STATES DISTRICT COURT